# CIRCUIT COURT OF THE CITY OF NORFOLK

Dominique Hicks,
an infant,
etc., et al.

v.

Mark W. Been

November 27, 2001

Case No. (Law) L01-1621

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before the Court on Plaintiffs' Motion to strike all pleadings of Defendant and enter judgment on Plaintiffs' behalf due to Defendant's alleged failure to respond to discovery. A hearing was held before this Court on October 23, 2001. After considering the relevant facts and applicable law, the Court holds that Plaintiffs' Motion is overruled. However, the Court also finds that Defendant's responses to Plaintiffs' Requests for Admissions are insufficient and orders Defendant to serve a revised answer within twenty-one days.

This action came before the Court on a Motion for Judgment, which was filed on July 5, 2001, by Plaintiff Dominique B. Hicks, an infant, and Barrett E. Hicks, as Plaintiff and the infant's father and next friend. In this pleading, Plaintiffs allege that infant Plaintiff was severely injured due to Defendant's negligent operation of a motor vehicle in Virginia Beach, Virginia, on May 26, 2001. Plaintiffs further allege that Defendant was under the influence of alcohol at the time of the accident. Plaintiffs claim that "at ... or during the time [Defendant] was drinking alcohol he knew he was going to operate a motor vehicle," and he "had a blood alcohol concentration of .15% or more by weight by volume of alcohol." Pl.'s Mot. for J. at 3. Plaintiffs further

claim that Defendant's alleged negligence and recklessness "was of such a degree as to demonstrate an indifference to others constituting an utter disregard of prudence and amounting to a complete neglect of the safety of the infant plaintiff constituting willful and wanton conduct." *Id.* at 2.

After Defendant failed to respond to their Motion for Judgment, Plaintiffs moved for entry of a default judgment. Defendant moved to quash the service of the Motion for Judgment, and this Court denied this Motion on October 4, 2001. However, with the agreement of Plaintiffs' counsel, the Court extended the time for Defendant to file his responsive pleadings. On October 10, 2001, Defendant filed an Objection to Venue with his Answer and Grounds of Defense.

On October 2, 2001, Plaintiffs filed their Request to Admit. Although Defendant responded in a timely manner, he invoked his Fifth Amendment privilege in response to several requests. Plaintiffs then filed a Motion for a voluntary nonsuit as to any claim for recovery of medical bills paid by CHAMPUS, which was ordered by the Court on October 23, 2001. Plaintiffs also moved to disallow the introduction of any evidence by the defendant and to strike all pleadings of Defendant and enter judgment on Plaintiffs' behalf due to Defendant's failure to respond to discovery, which is the focus of this opinion.

In support of their Motion, Plaintiffs rely on Virginia Code § 8.01-401(B), which states the effect of refusing to testify in a civil matter. However, Virginia Code § 8.01-223.1, which prohibits penalizing a party for invoking a constitutional protection,[1] effectively abrogates the sanctions provided in § 8.01-401(B). The Plaintiffs also cite *Davis v. Davis*, 233 Va. 452, 357 S.E.2d 495 (1987), which, in discussing the "sword and shield" doctrine, states that:

> historically the privilege against self-incrimination was intended solely as a shield. The rule thus provides that a *moving party cannot use it as a sword to sabotage any attempt by the other party*, either *during pretrial discovery* or at trial, *to obtain information relevant to the cause of action alleged, and relevant to possible defenses to the claim.* In other words, the *moving party* "in a civil action who exercises his privilege against self-incrimination to refuse to answer questions pertinent to the issues involved will have his complaint

---

[1] Section 8.01-223.1 states, "[i]n any civil action the exercise by a party of any constitutional protection shall not be used against him." This certainly includes defendant's assertion of his Fifth Amendment privilege against self-incrimination.

dismissed upon timely motion." The idea is that it would be unjust to permit parties to use the courts to seek *affirmative relief* while at the same time deflecting relevant questions, the answers to which may constitute a defense to the claims asserted.

*Id.* at 456-57, 357 S.E.2d at 498 (citations omitted) (emphasis added).

*Davis* involved a moving party exercising his Fifth Amendment right, which is a true "sword and shield" situation. That situation does not exist in the instant case because Defendant is not a "moving" party, and he is raising the Fifth Amendment only as a shield. As such, *Davis* does not apply. Even if it did, the Defendant's exercise of his Fifth Amendment protection cannot be used against him. Va. Code Ann. § 8.01-223.1 (Michie 2000).

In the instant case, Plaintiffs' remedy lies in Virginia Rule 4:11, which states that "[t]he party who has requested the admissions may move to determine the sufficiency of the answers or objections." As was discussed above, striking Defendant's pleadings in the manner requested by Plaintiffs would have the effect of penalizing him for exercising a constitutional right, which is prohibited by § 8.01-223.1. Therefore, rather than imposing the requested sanction on Defendant, the Court shall determine the sufficiency of the assertion of the Fifth Amendment privilege in his responses.

The Fifth Amendment provides that no one "shall be compelled in a criminal case to be a witness against himself. ..." U.S. Const., amend. V. The United States Supreme Court has broadly interpreted this privilege, finding that it allows individuals "not to answer questions put to them in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate [them] in future criminal proceedings." *Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973). However, there is no "blanket" Fifth Amendment right to refuse to answer questions in a civil case. *North Am. Mortgage Investors v. Pomponio*, 219 Va. 914, 918, 252 S.E.2d 345, 348 (1979). "It is for the court to say whether [the individual's] silence is justified." *Id. quoting Rogers v. United States*, 340 U.S. 367 (1951).

In *Pomponio*, the Virginia Supreme Court cited *Hoffman v. United States*, 341 U.S. 479 (1951), as setting forth the test for determining when a witness may invoke the Fifth Amendment. *Pomponio*, 219 Va. at 914, 252 S.E.2d at 348. In *Hoffman*, the United States Supreme Court stated that a "witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself — his say-so does not of itself establish the hazard of incrimination." 341 U.S. at 486. Rather, "[i]t is for the court to say whether his silence is justified and to require him to answer if 'it clearly appears to the court that he is mistaken'." *Id.* (citations omitted). The Supreme Court further stated that "[t]o sustain the Fifth Amendment

privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." *Id.* at 487. In appraising the claim, the trial judge "must be governed as much by his personal perception of the peculiarities of the case as by the facts actually in evidence." *Id.* (citations omitted).

To satisfy the *Hoffman* standard and sustain the privilege against self-incrimination, it is necessary to show both of the following:

> (1) That the trial court be shown by argument how conceivably a prosecutor, building on the seemingly harmless answer, might proceed step by step to link the witness with some crime ... and (2) that this suggested course and scheme of linkage not seem incredible in the circumstances of the particular case.

*Pomponio,* 219 Va. at 919, 252 S.E.2d at 348-49 *citing United States v. Coffey,* 198 F.2d 438, 440 (3d Cir. 1952). As such, a witness must show how a prosecutor might build on the witness's answer to link him or her with some crime. *Pomponio,* 219 Va. at 919, 252 S.E.2d at 348. Moreover, the threat of prosecution must be real and not a "remote and speculative" possibility. *Id.* at 919, 252 S.E.2d at 349, *citing Zicarelli v. New Jersey State Commission of Investigation,* 406 U.S. 472 (1972).

In the instant case, Defendant Mark Been was previously criminally charged with driving under the influence and criminal maiming. At the preliminary hearing, the DUI charge was nol prossed, and the felony criminal maiming charge was dismissed. No new charges have been filed, and at the hearing on October 23, 2001, Defendant made no showing that his responses to Plaintiffs' Request to Admit could be used to link him with some crime. Therefore, at this time, Defendant's assertion of his Fifth Amendment privilege does not satisfy the *Hoffman* standard.

Furthermore, the Virginia Rule regarding requests for admissions states that "[a]ny admission made by a party under this *Rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.*" Virginia Rule 4:11. This language is very clear that responses to requests for admissions may not be used against a party in subsequent proceedings. As such, asserting the Fifth Amendment in response to requests for admissions could not satisfy the *Hoffman* test because Rule 4:11 appears to prohibit prosecutors from using such responses in subsequent criminal proceedings. Therefore, there is no

danger that Defendant's answers would incriminate him in future criminal proceedings.

It clearly appears to the Court that Defendant is mistaken in the assertion of his Fifth Amendment privilege in Plaintiffs' Requests to Admit numbers 2, 3, 4, 5, 6, 9, 10, 11, 12, 13, 14, 15, and 21. Therefore, Defendant's silence is not justified, and the Court orders him to answer each Request.

For the reasons stated above, it is the ruling of this Court that Plaintiffs' Motion to strike all pleadings of Defendant and enter judgment on behalf of Plaintiffs due to Defendant's alleged failure to respond to discovery is overruled. However, because the Court finds that Defendant's responses to Plaintiffs' Requests for Admissions is insufficient, the Court orders Defendant to revise his responses to the Requests to Admit and file same within twenty-one days from the date of this letter.